IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 08-00140-03-CR-W-NKL |
| RYAN MORRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On December 17, 2008, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On June 3, 2008, an indictment was returned charging defendant with one count of conspiracy to possess with intent to distribute Oxycontin/Oxycodone, Morphine, Demerol/Meperidine, and Hydromorphine/Fentanyl, in violation of 21 U.S.C. § 846; one count of robbery of a pharmacy, in violation of 18 U.S.C. § 1951; and one count of brandishing a firearm during a drug trafficking crime and a crime of violence, in violation of 18 U.S.C. § 924(c). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on December 17, 2008. Defendant was present, represented by F. A. White, Jr.

The government was represented by Assistant United States Attorney David Barnes.  The proceedings were recorded and a transcript of the hearing was filed on December 18, 2008.

## II.  AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

2

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of de novo review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge.

3

Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1. On June 3, 2008, an indictment was returned charging defendant with one violation of 18 U.S.C. § 1951 by robbing a pharmacy, and with one violation of 18 U.S.C. § 924(c) by brandishing a firearm during the pharmacy robbery (Tr. at 3-5).

2. The statutory penalty for count two, the robbery count, is not more than 20 years in prison, not more than $250,000 fine, not more than five years supervised release, a $100 special assessment, and the possibility of restitution (Tr. at 5-6). The statutory penalty for count two, the gun count, is not less than seven years and not more than life in prison, to run consecutive to any other sentence, not more than $250,000 fine, not more than five years supervised release, and a $100 special assessment (Tr. at 6).

4

3. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 7);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 7);

   c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 7-8);

   d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 8);

   e. That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 9);

   f. That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 8-9); and

   g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 9-10).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at

10).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 10). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 10-11). Defendant stated that he understood (Tr. at 11).

6. Defense counsel had full access to the government's file and agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 11).

7. Government counsel stated that its evidence would show that on or about May 11, 2008, in the Western District of Missouri, the Omnicare Pharmacy was robbed. The Omnicare Pharmacy is a wholesale pharmacy located in the old Red Bridge King Louie Bowling Alley near Red Bridge and Holmes in Kansas City, Missouri, in the Western District of Missouri. The means of entry was the assailants saw an employee coming out of the place. That was Mr. Gianakon. They forced him to give up his entry card. They used that entry card to gain entry into the pharmacy in general and then they forced open a door where significant amounts of controlled substances were contained, particularly OxyContin and other morphine derivatives. This robbery was

6

conducted by Mr. Morris and others. There were at least four
individuals who entered the establishment to take the narcotics.
There were at least two individuals outside who stood as look-
out. As a result of this robbery, in an unrelated case, there was
a search warrant executed on the home of one of the participants.
Items consistent with the controlled substances were recovered.
That individual, after being Mirandized, gave multiple statements
implicating himself and others. As a result of that, other search
warrants were sought and obtained for other participants in the
conspiracy. Items such as the firearms consistent with the one
used and depicted in the video, masks, gloves, and
pharmaceuticals were recovered as well from the site of the
second search warrant. Mr. Morris was ultimately arrested
on this and an unrelated charge and after being Mirandized he
made statements that implicated himself as well. Finally,
Omnicare sells pharmaceuticals both in the state of Missouri and
out of the state of Missouri in the sense that they receive
pharmaceuticals from other manufacturers in Missouri and then
they sell it to pharmacies outside of it as well. And Mr.
Gianakon felt fear, intimidation and threats by ambush and,
in fact, at least sustained minor injuries with regard to this
robbery in that weapons were, in fact, brandished in this case
(Tr. at 12-13).

7

Case 4:08-cr-00140-BCW   Document 94   Filed 12/18/08   Page 7 of 10

8. Defendant was placed under oath (Tr. at 12) and admitted the following: Omnicare Pharmacy was engaged in the purchase and sale of pharmaceuticals and controlled substances in interstate commerce. Sometime around May 11, 2008, defendant went to that Omnicare Pharmacy with the intent to rob the pharmacy of controlled substances and other items. He was involved with one or more other individuals. He or the others threatened Mr. Gianakon with some sort of injury or assault if he did not cooperate. Mr. Gianakon was threatened in order for defendant and the others to get the pharmaceuticals and controlled drugs from him and others at the pharmacy. Defendant knew this was wrong. He knowingly and intentionally participated in the robbery. On that same date, while he was engaged in that robbery, defendant had a firearm either around him or on his person, it was brandished and shown to the people in the pharmacy to get them to cooperate with the robbery, and defendant knew that was illegal (Tr. at 14-15).

9. Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 16). In addition, I went over the plea agreement with the defendant (Tr. at 16-21).

10. Defendant is satisfied with the advice and guidance he has received from Mr. White (Tr. at 21). There is nothing he wanted Mr. White to do that Mr. White did not do, and there is

8

nothing Mr. White has done that defendant did not want Mr. White to do (Tr. at 21).

11. Defendant has a GED (Tr. at 22). Defendant has no mental health or substance abuse issues (Tr. at 22).

12. Defendant tendered a plea of guilty to the crimes charged in counts two and three of the indictment (Tr. at 89).

### IV. ELEMENTS OF THE CHARGED OFFENSES

The elements necessary to sustain a conviction for robbery of the pharmacy are: (1) the defendant induced Mr. Gianakon to part with controlled substances; (2) the defendant voluntarily and intentionally did so by extortion -- that is, through the wrongful use of actual or threatened force or violence or through the wrongful use of fear, and (3) the defendant's action affected commerce in some way or degree. Eighth Circuit Model Criminal Jury Instruction 6.18.1951.

The elements necessary to sustain a conviction for brandishing a firearm during a drug trafficking crime or a crime of violence are: (1) the defendant committed the crimes of robbery of a pharmacy, and (2) the defendant knowingly possessed a firearm in furtherance of that crimes. Eighth Circuit Model Criminal Jury Instruction 6.18.924C.

### V. CONCLUSION

Based on the above, I make the following conclusions:

9

1.   The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2.   Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crimes charged in counts two and three of the indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offenses charged in counts two and three of the indictment.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of this report and recommendation to file and serve specific objections.

      /s/ Robert E. Larsen
      ROBERT E. LARSEN
      United States Magistrate Judge

Kansas City, Missouri
December 18, 2008